Eliza Brown *v.* Edw. C. Berry.

**Limitation of Actions—What Law Governs.**
  A plea of limitations is governed by the law of the forum, which regulates all questions pertaining to the remedy.

**Principal and Surety—Extension of Time—Release of Surety.**
  The principal on a note cannot, without the consent of the surety, make a continuing contract out of the obligation by his promise and acknowledgment, or partial payment, and thereby continue the liability of the surety.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 10, 1873.

OPINION BY JUDGE PRYOR:

It is conceded by counsel for the appellant that by the law of this state an obligor in a note appearing on its face to be a joint undertaking may show by parol proof that he is merely surety. *Lewis v. Harbin,* 5 B. Monroe 564. It is equally as well settled by the repeated adjudication of this court that the statute of limitation only affects the remedy by regulating the time in which the rights of parties may be enforced. *Bennett v. Devlin,* 17 B. Monroe 353.

It is insisted, however, by counsel, that the law of Maryland,

when this note was executed, is as follows: "Where parties to a written agreement appear to be principals and are sued thereon at law, one of the defendants is not entitled to show that he is a mere surety," and therefore the appellee, although really the surety on the note, cannot rely on limitation as a defense to the action. The authorities in all the states and, in fact, without an exception, so far as we know, adjudge that this plea of limitation, being confined to the *forum*, the *lex loci* must govern as to all questions pertaining to the remedy.

The obligation of the contract is not affected by it, but the remedy upon it must be sought within a limited time. If the position assumed by appellant is the law, then this original doctrine in regard to limitation must be disregarded, and the principle established that limitation, instead of affecting the remedy only, destroys or affects the obligation, and the *lex loci*, as contended, must govern. This would be in direct conflict with the whole current of authority on the question and a recognition of a principle, perhaps established by one or two cases, long since overruled. If this note had been executed in Kentucky, where the seven years statute applies to the surety and releases him, when pleaded, from liability, and an action afterwards instituted upon it in Maryland, we think it clear law that the Maryland courts must not permit the plea upon the principle that the law of that state afforded no such remedy.

When this note or obligation was executed and delivered it constituted the agreement between the parties and no act of acknowledgment, either verbally or in writing, by the principal or by the joint obligor could so vary its terms as to affect an obligor who was not a party to these after transactions. Nor are we willing to concede that if the parties to the note were joint obligors that a promise by one could affect the liability of the other. It is true that in certain cases partners who are also joint beneficiaries may bind each other during the existence of the firm upon few liabilities upon the principle that they are the agents of each other, and even in cases of that description when the agency ceases by reason of the dissolution of the partnership the rights of one partner cannot be affected by the promise or acknowledgment by another made after the dissolution. Ordinarily where two or more are jointly bound a promise made to pay after the execution and delivery of the obligation will only bind the party making it. In this case the payments which

are to take the case out of the statute were all made by the principal without the knowledge even so far as the proof shows of the surety. A promise made by the surety to pay after the running of the statute is not binding for want of consideration and we cannot recognize the principle that would authorize the real debtor after the note has been executed and delivered to make by his promise and acknowledgment a continuing contract with the obligee with reference to the written obligation that would hold the surety liable for all time. The judgment is *affirmed*.

*L. P. Little, for appellant.*

*Ray & Walker, Sweeney, for appellee.*